**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-5029**

─────────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JAVON LAMONT LEACH,

          Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:09-cr-00356-TDS-1)

─────────────

Submitted:  September 30, 2011      Decided:  October 7, 2011

─────────────

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────────

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Javon Lamont Leach pled guilty to unlawful possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006), and was sentenced to a term of eighty-five months of imprisonment. Leach appeals his sentence, contending that the district court erred in finding that he qualified for base offense level 24 under U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2009), based on two predicate convictions, one of which was a 2005 North Carolina drug trafficking offense. In light of our recent decision in United States v. Simmons, 649 F.3d 237, 2011 WL 3607266 (4th Cir. Aug. 17, 2011) (en banc), we agree with Leach that the 2005 drug conviction does not qualify as a felony conviction. Accordingly, we vacate the sentence and remand for resentencing.

We review a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). The district court commits significant procedural error when it improperly calculates the Guidelines range. Id. At his sentencing, Leach objected to the base offense level of 24 on the ground that his 2005 drug conviction did not expose him to a sentence of more than one year of imprisonment. See § 2K2.1 cmt. n.1 (defining felony conviction). The district court followed United States v. Harp, 406 F.3d 242 (4th Cir. 2005), overruled Leach's objection, and sentenced him within his Guidelines range to a

2

term of eighty-five months' imprisonment. Harp has since been overruled by Simmons, which held that, under the North Carolina structured sentencing scheme, see N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009), the evaluation of whether a particular offense was a felony must focus on the maximum sentence for which a particular defendant was eligible, based on his own criminal history, rather than the maximum sentence that could be imposed on a defendant with the worst possible criminal record. Simmons, 649 F.3d at ___, 2011 WL 3607266 at *6. Judged by this standard, Leach's 2005 drug conviction does not qualify as a felony, and resentencing is required.

We therefore affirm Leach's conviction, vacate his sentence, and remand for resentencing consistent with Simmons. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

3